UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CHELMOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 17-1394 (JEB) |

## MEMORANDUM OPINION AND ORDER

After prior unsuccessful efforts to set forth his causes of action, *pro se* Plaintiff James Chelmowski again moves to file a Second Amended Complaint, which contains a farrago of claims against the Government under, *inter alia*, the Federal Tort Claims Act, the Freedom of Information Act, and the Privacy Act. The Government opposes in fairly cursory fashion, believing that such an effort is futile inasmuch as no claim could survive a motion to dismiss. Construing his proposed pleading generously, the Court finds that certain claims may proceed and will thus grant his Motion in part.

**I.      Background**

After filing an initial Complaint asserting FTCA claims, see ECF No. 1, Plaintiff amended two months later, filing a pleading that invoked the Privacy Act, FOIA, and the FTCA and contained over 300 pages of exhibits. See ECF No. 6. The Government responded with a motion to dismiss, see ECF No. 12, leading Chelmowski to seek leave to file a Second Amended Complaint. See ECF Nos. 15, 18. Because that proposed pleading numbered 95 pages and

failed to clearly set out his claims, the Court ordered that he file a renewed motion for leave to file a second amended complaint and required that such complaint not exceed 30 pages and separately enumerate each cause of action. See ECF No. 24 (Order). Chelmowski has now complied with the page limitations, although his newest proposed Second Amended Complaint still contains a lengthy and superfluous legal analysis with case citations and never separately sets out each claim. See ECF No. 27-1 (Proposed SAC).

As best the Court can discern, he seeks documents from several federal agencies under both FOIA and the Privacy Act, the retraction of certain personal identifying information about him that the Government has published, and damages under the FTCA. The Government now opposes the Motion, principally arguing that amendment would be futile. See ECF No. 29 (Opp.).

## II. Legal Standard

A plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days of the filing of a responsive pleading. See Fed. R. Civ. P. 15(a)(1). Otherwise, he must seek consent from the defendant or leave from the Court. The latter "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to grant leave to file an amended complaint, courts may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Furthermore, under Rule 15, "the

non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

It is clear, however, that amendment should not be permitted if it would be futile. In other words, if the new causes of action would still be deficient notwithstanding the proposed amendment, courts need not grant leave. See In re Interbank Funding Corp. Securities Litigation, 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182, for proposition that "'futility of amendment' is permissible justification for denying Rule 15(a) motion"); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.") (citations omitted).

### III. Analysis

In opposing amendment here, the Government first contends that Plaintiff's latest Complaint still does not satisfy Fed. R. Civ. P. 8(a)(2)'s requirement that such a pleading contain "a short and plain statement of the claim." Opp. at 4. While the proposed Second Amended Complaint is hardly a paragon of pleading clarity, the Court will not reject it on this basis.

Defendant next maintains that any FTCA claim cannot proceed. The Court agrees. Chelmowski's failure to set out any particular facts underlying such proposed count would alone doom it. To the extent he explains that it is somehow connected to fraudulent misrepresentation or concealment, such claims are barred by sovereign immunity. See United States v. Neustadt, 366 U.S. 696, 701-02 (1961). And his allegations that FOIA non-disclosures are somehow actionable under the FTCA are also non-starters.

The Government, however, offers no reason why Plaintiff's separate claims under FOIA and the Privacy Act cannot proceed. Chelmowski, for example, alleges that he has submitted numerous FOIA requests to the Federal Communications Commission, the National Archives and Records Administration, and the Environmental Protection Administration, and he lists the request numbers. See Proposed SAC, ¶ 37. Similarly, he identifies Privacy Act requests submitted to the same three agencies. Id., ¶ 43. Claims for withheld documents in those requests may proceed. To the extent Plaintiff believes that the agencies have engaged in a policy of withholding, id., ¶ 25, he has not adequately alleged such a claim. See Judicial Watch v. Dep't of Homeland Security, 895 F.3d 770, 774 (D.C. Cir. 2018). Finally, Plaintiff alleges that the FCC has disclosed his personally protected information in violation of the Privacy Act. Id., ¶ 35. As the Government does not address that either, the Court will permit it to go forward for the time being.

**IV.  Conclusion**

The Court, accordingly, ORDERS that:

1. Plaintiff's Motion for Leave to File is GRANTED IN PART and DENIED IN PART;
2. His Second Amended Complaint is deemed FILED;
3. He may proceed with his FOIA and Privacy Act claims only; and
4. The Government shall file an Answer or a Motion to Dismiss as to those claims only by September 27, 2018.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  September 13, 2018